UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004,

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street
New York, NY 10004,

    Plaintiffs,

  v.

DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue. N.W.
Washington, DC 20530,

    Defendant.

No. _____

**COMPLAINT FOR INJUNCTIVE RELIEF**

  1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the immediate processing and release of agency records requested by Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (collectively "ACLU") from Defendant Department of Justice ("DOJ").

  2. In December 2008, Plaintiffs learned that the DOJ Office of Professional Responsibility ("OPR") was nearing completion of a report ("Report") concerning the role that certain Office of Legal Counsel ("OLC") attorneys played in crafting and authorizing the Bush administration's interrogation policies. Eleven months later, on November 19, 2009, Attorney General Eric Holder testified before Congress that the

Report was "completed" and undergoing final review for release.  When another month passed without release of the Report, plaintiffs requested the Report under the FOIA.

3. Despite plaintiffs' FOIA request ("Request"), however, and notwithstanding the extraordinary public interest in the Report and more generally in issues relating to the interrogation and detention of prisoners held by the United States overseas, the Report still has not been released.  As a result, the crucial public debate about the interrogation and detention of prisoners, and about the legal and moral responsibility of those who authorized "enhanced interrogation methods" and torture, progresses without the benefit of the information and analysis contained in the Report.

4. Plaintiffs bring this action to compel the DOJ to comply with its obligations under the FOIA.  They seek, principally, an injunction requiring defendant to process the Request and release the Report immediately.

**Jurisdiction and Venue**

5. This Court has both subject-matter jurisdiction of the FOIA claim and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

6. Plaintiff American Civil Liberties Union is a nationwide, non-profit, non-partisan organization with more than 500,000 members dedicated to the constitutional principles of liberty and equality.  The ACLU is committed to ensuring that the treatment of prisoners within U.S. custody is consistent with the government's obligations under domestic and international law.

7. Plaintiff American Civil Liberties Union Foundation is a separate § 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

8. Defendant DOJ is a Department of the Executive Branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). The OIG, OIP, and OLC are all components of the DOJ.

**Factual Background**

The Request

9. The OLC authors and documents discussed in the Report have been the subjects of great public interest since 2004, when it first became known to the public that OLC attorneys had provided the legal justification for the Bush administration's rendition, detention, and interrogation policies. Between 2004 and 2009, the ACLU and other public interest organizations obtained thousands of government documents that collectively showed that these policies resulted in the maltreatment and torture of hundreds of prisoners, and the deaths of dozens. In the spring of 2009, the ACLU obtained under FOIA a crucial set of memos that confirmed the OLC's central role in justifying the rendition, detention, and interrogation policies. The release of the memos fueled the already-significant public debate about the responsibility of OLC lawyers for the consequences of those policies.

10. In December 2008, media organizations reported that the OPR was nearing completion of the Report. Plaintiffs and many other human rights organizations were hopeful that the release of the Report would inform the public debate. Despite the accounts that the Report was nearing completion, however, the Report was not released.

3

Eleven months later, on November 19, 2009, Attorney General Eric Holder testified before Congress that the Report was "completed" and undergoing final review for release. When more weeks passed, however, without release of the Report, Plaintiffs formally requested the Report under FOIA. That request was filed on December 4, 2009.

11.     Plaintiffs sought expedited processing of the Request on the ground that there is a "compelling need" for the Report because it is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged Federal government activity. 5 U.S.C. § 552(a)(6)(E)(v); *see also* 28 C.F.R. § 16.5(d)(1)(ii). Plaintiffs also sought expedited processing on the ground that the record sought relates to a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5(d)(1)(iv).

12.     Plaintiffs sought a waiver of search, review, and duplication fees on the grounds that disclosure of the requested record is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See* 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 28 C.F.R. § 16.11(k)(1).

13.     Plaintiffs also sought a waiver of search and review fees on the grounds that the ACLU qualifies as a "representative of the news media" and that the record is not sought for commercial use. 28 C.F.R. § 16.11(c)(1)-(2), (d)(1).

## The Government's Response to the Request

14.     Notwithstanding plaintiffs' Request, the government has neither released the Report nor provided any basis for withholding it.

15. On December 8, 2009, the OPR sent Plaintiffs a letter acknowledging receipt of the Request and notifying Plaintiffs that the Request had been referred to the OIP, which processes FOIA requests on behalf of the OAG. In a letter dated December 18, 2009, the OIP confirmed receipt of the Request and acknowledged Plaintiffs' requests for expedited processing and fee waivers. On December 23, 2009, the OIP notified Plaintiffs by letter that their request for expedited processing had been granted by the DOJ's Director of Public Affairs. To date, the OIP has not issued a final determination regarding Plaintiffs' request for fee waivers, nor has it released the Report or articulated any basis for its withholding.

16. On December 23, 2009, Defendant DOJ sent Plaintiffs a letter acknowledging receipt of the Request, and notifying Plaintiffs that they had referred the Request to the OLC. To date, the OLC has not issued a determination regarding Plaintiffs' request for expedited processing or fee waivers, nor has it released the Report or articulated any basis for its withholding.

17. Plaintiffs have exhausted their administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(A).

## Causes of Action

1. Defendant's failure to make a reasonable effort to search for records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3), and Defendant's corresponding regulations.

2. Defendant's failure to promptly make available the record sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3), and Defendant's corresponding regulations.

3. The failure of DOJ component OLC to grant Plaintiffs' request for expedited processing violates FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendant's corresponding regulations.

4. The failure of Defendant DOJ—specifically components OLC and OIP—to grant Plaintiffs' request for a limitation of fees violates FOIA, 5 U.S.C. § 552(a)(4)(A), and Defendant's corresponding regulations.

5. The failure of Defendant DOJ—specifically components OLC and OIP—to grant Plaintiffs' request for a waiver of search, review, and duplication fees violates the FOIA, 5 U.S.C. § 552(a)(4)(A), and Defendant's corresponding regulations.

## **Requested Relief**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Order Defendant to immediately process and release the Report;

B. Enjoin Defendant from charging Plaintiffs search, review, or duplication fees for the processing of the Request;

C. Award Plaintiffs their reasonable attorneys' fees and expenses incurred in this action; and

D. Grant such other relief as the Court may deem just and proper.

Dated: January 22, 2010

Respectfully submitted,

/s/ *Arthur B. Spitzer*
_____
Arthur B. Spitzer (D.C. Bar No. 235960)
Frederick V. Mulhauser (D.C. Bar No. 455377)
American Civil Liberties Union of the Nation's Capital
1400 20th Street, N.W., Suite 119
Washington, DC 20036

Tel: (202) 457-0800
Fax: (202) 452-1868
E-mail: artspitzer@aol.com

Alexander A. Abdo
Jameel Jaffer
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2583
aabdo@aclu.org


Counsel for Plaintiffs