# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION<br>125 Broad Street<br>New York, NY 10004<br><br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION<br>125 Broad Street<br>New York, NY 10004<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Case No. 1:10-cv-00123-RMC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant, the United States Department of Justice ("Department"), by and through undersigned counsel, hereby answers the Complaint in the above-captioned action.

The following responses correspond to the numbered paragraphs in the Complaint for Injunctive Relief filed by Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation ("Plaintiffs"):

1. Paragraph 1 contains Plaintiffs' characterizations of this lawsuit, not allegations of fact, and thus no response is required. To the extent a response is required, the Department denies the allegations in Paragraph 1 except to admit that Plaintiffs have filed this action seeking injunctive and other relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. The Department lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 2.  The Department denies the allegations in the second sentence of Paragraph 2 except to admit that, on November 19, 2009, Attorney General Eric Holder testified before Congress that the report sought through Plaintiffs' FOIA request was completed.  The Department denies the allegations in the third sentence of Paragraph 2 and avers that Plaintiffs submitted the FOIA request at issue in this lawsuit on December 4, 2009, less than a month after the Attorney General's testimony.

3. The Department denies the allegations in Paragraph 3 and avers that, on February 19, 2010, the United States House of Representatives Committee on the Judiciary published on its website a copy of the document entitled Report on "Investigation into the Office of Legal Counsel's Memoranda Concerning Issues Relating to the Central Intelligence Agency's Use of 'Enhanced Interrogation Techniques' on Suspected Terrorists" ("Report").

4. Paragraph 4 contains Plaintiffs' characterization of this lawsuit, not allegations of fact, and thus no response is required.  To the extent a response is required, the Department denies the allegations in Paragraph 4 except to admit that Plaintiffs seek immediate release of the Report in this action.

## JURISDICTION AND VENUE

5. Paragraph 5 contains conclusions of law, not allegations of fact, and thus no response is required.

## PARTIES

6. The Department lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6.

7. The Department lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7.

8. The Department admits the allegations in Paragraph 8.

9. The Department lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 except to admit that in the first half of 2009, the Department released documents related to rendition, detention, and interrogation policies.

10. The Department lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 10. The Department denies the allegations in the third sentence of Paragraph 10 except to admit that the Report was not released in December 2008. The Department denies the allegations in the fourth sentence of Paragraph 10 except to admit that, on November 19, 2009, Attorney General Eric Holder testified before Congress that the Report was completed. The Department admits the allegations in the fifth and sixth sentences of Paragraph 10.

11. The Department admits that Plaintiffs sought expedited processing of their FOIA request pursuant to 5 U.S.C. § 552(a)(6)(E)(v) and 28 C.F.R. § 16.5(d)(1)(ii), (iv) and that the Report sought through that request relates to a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." Otherwise, the Department denies the allegations in Paragraph 11.

12. The Department admits that Plaintiffs sought a waiver of search, review, and duplication fees associated with their FOIA request pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.11(k)(1). Otherwise, the Department denies the allegations in Paragraph 12.

13. The Department admits that Plaintiffs sought a waiver of search and review fees associated with their FOIA request pursuant to 28 C.F.R. § 16.11(c)(1) -(2), (d)(1). Otherwise, the Department denies the allegations in Paragraph 13.

## THE GOVERNMENT'S RESPONSE TO THE REQUEST

14. The Department denies the allegations in Paragraph 14 except to admit that the Department did not disclose the Report to Plaintiffs. The Department avers that Plaintiffs were advised by letter dated December 23, 2009 that the Department had yet to make disclosure determinations. The Department further avers that, on February 19, 2010, the United States House of Representatives Committee on the Judiciary published on its website a copy of the Report.

15. The Department admits the allegations in the first three sentences of Paragraph 15. The Department denies the allegations in the fourth sentence of Paragraph 15 except to admit that the Department neither has released the Report nor has made a decision on Plaintiffs' fee waiver request.

16. The Department admits the allegations in the first sentence of Paragraph 16. The Department denies the allegations in the second sentence of Paragraph 16 except to admit that the Department did not disclose the Report to Plaintiffs. The Department avers that Plaintiffs were advised by letter dated December 23, 2009 that the Department had yet to make disclosure determinations. The Department further avers that, on February 19, 2010, the United States House of Representatives Committee on the Judiciary published on its website a copy of the Report.

17. The Department denies the allegations in Paragraph 17.

## CAUSES OF ACTION

1. The Department denies the allegations in Paragraph 1 under the heading "Causes of Action."

2. The Department denies the allegations in Paragraph 2 under the heading "Causes of Action."

3. The Department denies the allegations in Paragraph 3 under the heading "Causes of Action." The Department avers that, by letter dated December 23, 2009, Plaintiffs were advised that their request for expedited processing of their FOIA request had been granted.

4. The Department denies the allegations in Paragraph 4 under the heading "Causes of Action." The Department avers that, by letter dated December 18, 2009, Plaintiffs were advised that the Department had not yet made a decision on Plaintiffs' request for a fee waiver but would do so after the Department determined whether fees would be assessed for their request.

5. The Department denies the allegations in Paragraph 5 under the heading "Causes of Action."

## REQUESTED RELIEF

The remaining paragraphs of the Complaint contain Plaintiffs' Prayer for Relief, to which no response is required. To the extent a response is deemed necessary, the Department denies the allegations contained in the remaining portions of the Complaint and further avers that Plaintiffs are not entitled to any relief.

## AFFIRMATIVE DEFENSES

The Department avers that this action is moot because, on February 19, 2010, the United States House of Representatives Committee on the Judiciary published on its website a copy of

the following:

the Report sought through Plaintiffs' FOIA request.

Dated: February 24, 2010                    Respectfully submitted,

                                            TONY WEST
                                            Assistant Attorney General,
                                            Civil Division

                                            CHANNING PHILLIPS
                                            United States Attorney

                                            ELIZABETH J. SHAPIRO
                                            Deputy Branch Director,
                                            Federal Programs Branch

                                              s/ Jacqueline Coleman Snead
                                            JACQUELINE COLEMAN SNEAD
                                            (D.C. Bar No. 459548)
                                            Senior Trial Counsel
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            20 Massachusetts Avenue, N.W., Rm 7214
                                            Washington, DC 20530
                                            Tel: (202) 514-3418
                                            Fax: (202) 616-8470
                                            jacqueline.snead@usdoj.gov

                                            **Counsel for the Department of Justice**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2010, a true and correct copy of the foregoing Answer was electronically filed through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available for viewing on that system.

          s/ Jacqueline Coleman Snead
          JACQUELINE COLEMAN SNEAD